IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marquis Jarius Santonio Robinson, #266341, | ) C/A No.: 1:15-4805-RBH-SVH ) ) |
| Plaintiff, | ) ) REPORT AND RECOMMENDATION |
| vs. | ) ) |
| Wonda Young, | ) ) |
| Defendant. | ) ) |

Marquis Jarius Santonio Robinson ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at the Lieber Correctional Institution in the South Carolina Department of Corrections. He filed this action, which the court construes as brought pursuant to 42 U.S.C. § 1983, alleging Wonda Young ("Defendant") violated his civil rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges he told Defendant on October 18, 2015, that he planned to tell her supervisors she had allowed inmates to pass out institution mail. [ECF No. 1 at 3]. Plaintiff alleges Defendant asked to speak with him on October 21, 2015, but he refused. *Id.* Plaintiff claims Defendant told him she was going to write him up, but refused to tell

him why. *Id.* Plaintiff states he received a charge for exhibitionism and public masturbation that day, which he claims he did not commit. *Id.* Plaintiff seeks injunctive relief. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Liberally-construed, Plaintiff's complaint makes claims pursuant to 42 U.S.C. § 1983, as he alleges Defendant filed a false disciplinary charge against him in response to his having threatened to complain about Defendant to her supervisor. [ECF No. 1 at 3]. The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), requires that a prisoner exhaust his administrative remedies before filing a § 1983 action concerning his confinement. Specifically, 42 U.S.C.A. § 1997(e) states: "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal quotations and citation omitted). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.*

A plaintiff's failure to exhaust administrative remedies is considered an

3

affirmative defense, and not a jurisdictional infirmity. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006). Plaintiff admits he has not received a final determination on the grievances he filed on October 22, 2015, and November 12, 2015. [ECF No. 1 at 2]. Accordingly, based on the face of the complaint, this action should be summarily dismissed without prejudice for failure to exhaust administrative remedies.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

December 14, 2015                              Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).