IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Marquis Jarius Santonio Robinson, #266341, | ) ) ) | C/A No. 1:15-4805-RBH |
| Plaintiff, | ) ) | |
| vs. | ) ) | **O R D E R** |
| Wonda Young, | ) ) ) | |
| Defendant. | ) | |

Plaintiff, proceeding *pro se*, brings this complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter comes before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, filed December 14, 2015.

Based on her review of the record, the Magistrate Judge concludes that the plaintiff's action should be dismissed without prejudice and without issuance and service of process on the basis that the plaintiff has not exhausted his administrative remedies. The plaintiff filed timely objections to the Magistrate's Report.

## *STANDARD OF REVIEW*

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71(1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's

report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

Exhaustion of Administrative Remedies

The allegations of the plaintiff's complaint involve conditions of confinement. Accordingly, the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a §1983 action regarding conditions of confinement. 42 U.S.C. §1997e(a). The exhaustion requirement of the PLRA "applies to all inmate lawsuits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The prisoner must "properly" exhaust his administrative remedies by utilizing every level of available administrative review. *Woodford v. Ngo*, 548 U.S. 81 (2006). If the lack of exhaustion appears on the face of the complaint, summary dismissal is appropriate. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

Here, the lack of exhaustion appears on the face of the complaint. The plaintiff also responded to the questions on the court's form Section 1983 complaint for a state prisoner and indicated that he had filed a grievance and that he has not received a final answer from the institution on the matter. (ECF No. 1, p. 2) He states in his objections that his grievance was sent back, unprocessed; that he has since had a hearing on the disciplinary charge; and that he has filed another grievance, which is apparently pending because he states that he "will go through the remedies that are before me." (Obj.,

ECF No. 10, p.1)

After reviewing the complaint and objections, the Court concludes that the plaintiff has failed to exhaust his administrative remedies and that his lawsuit should be dismissed without prejudice.

The Court has reviewed the Report, pleadings, objections, and applicable law. The Court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the case is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

April 4, 2016
Florence, South Carolina